## TERRITORY OF HAWAII *v.* GEORGE SUSUMU KINOSHITA.

## No. 2642.

FILED MAY 17, 1949.                    DECIDED MAY 19, 1949.

KEMP, C. J., LE BARON AND CRISTY, JJ.

*Per Curiam.* Appellant's petition for a rehearing presents a peculiar situation. It attempts to revive a motion for dismissal of the prosecution's case on the ground of failure to prove the *corpus delicti,* which motion had been denied by the trial court on the ground that the *corpus delicti* had been proved on the cross-examination of prosecution's witnesses by the defendant, to which ruling no exception was taken; and again, to revive an assignment of error which, under the specifications of error, had been turned solely into two questions, (1) the admis-

sibility of the evidence of the assault and (2) the use of the evidence as an exception to the hearsay rule.

Up to the petition for rehearing, the whole gravamen of appellant's claim of error, relied on, assumed that the challenged evidence recited indecencies. Because of that, the appellant confined the weight of his argument concerning the specifications relied upon to an effort to have the court reject the testimony. Failing that, he now attempts to reopen the case, affecting the very evidence adduced by his own cross-examination, in face of the fact that the opinion of the court itself shows that the court was thoroughly cognizant of the record.

The petition quotes only one bit of evidence given which, if one wholly eliminates the interpretation drawn from the witness, yet in and of itself would justify the trier of the facts to infer that the sexual organ of the defendant and the sexual organ of the victim were meant by the words used. But it is more than naive for such a petition to assume that the court failed to read through the evidence on the same point shown on pages 34, 35, especially 44, 50, 51 and 70 of the transcript, which evidence was argued and quoted in the briefs, testimony that contained obscenities or language justifying an inference thereof by the trial judge. It is naive, we say, to assume that, because in the written opinion of this court the verbatim detail was not spelled out and perpetuated in print, this court had failed both to read and consider the record itself and the emphasis thereon in the briefs, where the liberty of the appellant was at stake. The care and caution of the trial judge in weighing the testimony is evidenced by his decision.

The petition for rehearing states no matters that were not considered by this court in rendering its opinion or that, if reconsidered, would change the result thereof. The petition is without merit and reargument is not desired

by any concurring justice.

The petition is denied.

*J. M. Morita* and *Lewis, Kimball & Buck* for petitioner.